# RESUME OF
# LOWEY DANNENBERG COHEN, P.C.

**White Plains Plaza**  
**One North Broadway - Suite 509**  
**White Plains, NY 10601-2310**  
**Telephone: 914-997-0500**  
**Fax: 914-997-0035**

**Four Tower Bridge**  
**200 Barr Harbor Drive, Suite 400**  
**West Conshohocken, PA 19428-2977**  
**Telephone: 610-941-2760**  
**Fax: 610-862-9777**

**lowey@WestNet.com (E-Mail)**  
**www.lowey.com**

Since the 1960s, Lowey Dannenberg Cohen, P.C. (The "Lowey firm" or "the firm") has specialized in complex litigation, generally representing plaintiffs. The firm employs seventeen lawyers and an experienced paralegal and support staff.

Our regular clients are institutional and other large investors and health benefit insurers. The Lowey firm has achieved many notable successes over the years that have resulted in recoveries aggregating billions of dollars.

### Investor Litigation

The Lowey firm represents investors. Our clients' cases involve securities and commodities fraud, coercive mergers and tender offers, statutory appraisal proceedings, proxy contests and election irregularities, failed corporate governance, stockholder agreement disputes, and customer/brokerage firm arbitration proceedings.

Our investor litigation practice group has recovered billions of dollars in the aggregate for our clients. But the value of our accomplishments is measured by more than dollars. We have also achieved landmark, long term corporate governance changes at public companies, including reversing results of elections and returning corporate control to the companies' rightful owners, its stockholders.

1631 / MISC / 00082167.WPD v1

The firm's institutional investor clients have included the New York City Pension Funds, the New York State Common Retirement Fund, Federated Investors, Glickenhaus & Co., the Denver Employees Retirement Plan, Millennium Partners and Karpus Investment Management.

### Prescription Drug Overcharge Litigation

The Lowey firm has become the nation's premier litigation firm for health insurers to recover overcharges for prescription drug and other medical products and services. Our skills in this area are recognized by the largest payers for pharmaceuticals in the United States, including Aetna, CIGNA, Humana, and Wellpoint, who frequently retain the firm to assert claims against pharmaceutical manufacturers for conduct resulting in overpriced medication.

### Commitment to Clients

In both the investor litigation and prescription overcharge litigation fields, the Lowey firm has distinguished itself from its competitors by departing from the norms of plaintiff's class action law firm practices, advising its clients to do things differently in ways which benefit the clients, whereas more traditional routes would have been to the Lowey firm's greater short-term benefit. However, the firm's reward has been its retention as the plaintiff's law firm of choice by the most diverse blue chip clientele of any U.S. plaintiff's law firm.

Through contingency or other flexible fee arrangements, the Lowey firm commits its financial and intellectual resources to achieving the best possible results for its clients. The firm takes on cutting-edge legal issues, and has brought about significant expansions

of the rights of plaintiffs under federal and state securities, antitrust, corporation, and deceptive practice laws.

### Client Recoveries

Recent achievements for our clients include the following:

- On March 19, 2007, the United States District Court for the Southern District of New York approved a $79,750,000 settlement of a class action, in which the Lowey firm acted as Co-Lead Counsel, on behalf of United States investors of Philip Services Corp., a bankrupt Canadian resource recovery company. $50,500,000 of the settlement was paid by the Canadian accounting firm of Deloitte & Touche, LLP, which the Lowey firm believes is the largest recovery from a Canadian auditing firm in a securities class action, and among the largest obtained from any accounting firm. In re Philip Services Corp., Securities Litigation, 98 Civ. 835 (AKH) (S.D.N.Y.) Earlier in the litigation, the United States Court of Appeals for the Second Circuit issued a landmark decision protecting the rights of United States citizens to sue foreign companies who fraudulently sell their securities in the United States. DiRienzo v. Philip Services Corp., 294 F.3d (2d Cir.), cert. denied, 123 S.Ct. 556 (2002).

- The Lowey firm's innovative strategy and aggressive prosecution produced an extraordinary recovery in the fall of 2005 for the New York City Pension Funds in the WorldCom Securities Litigation, substantially superior to that of any other WorldCom investor in either class or opt-out litigation. Following our advice to opt out of a class action in order to litigate their claims separately, the New York City Pension Funds recovered almost $79 million, including 100% of their damages resulting from investments in WorldCom bonds.

- On May 19, 2006, the United States District Court for the Southern District of New York approved a $72,762,500 partial settlement of a class action on behalf of entities and persons who traded New York Mercantile Exchange natural gas futures contracts. Since that hearing, additional settlements which were preliminarily approved by the Court on February 12, 2007, have brought the total settlements to date to $100 million. The Lowey firm is co-lead counsel for a class of plaintiffs who allege that the defendants manipulated the prices of natural gas futures and options contracts by reporting inaccurate, misleading, and false information concerning physical commodity trades to trade publications that compile and publish indices of natural gas spot prices. In re Natural Gas Commodity Litigation, No. 03 CV 6186 (VM) (S.D.N.Y.).

- On September 25, 2006 the Lowey firm helped Laddcap Value Partners win an emergency appeal, reversing a federal district court's order disqualifying the votes Laddcap had solicited to replace the board of directors of Delcath Systems, Inc. Prior to our involvement in the case, on September 20, 2006, Laddcap, which was Delcath's largest stockholder, had been enjoined by the district court from submitting stockholder consents it had solicited on the grounds of unproven claimed violations of federal securities law. After losing an injunction proceeding in the district court on September 20, 2006 and with the election scheduled to close on September 25, 2006, Laddcap hired the Lowey firm to prosecute an emergency appeal, which was won on September 25, 2006, the last day of the election period. Shortly thereafter, the case was settled with Laddcap gaining seats on the board, reimbursement of expenses, and other benefits. <u>Delcath Systems, Inc. v. Laddcap Value Partners</u>, 2006 WL 27239981 (2d Cir. Sept. 25, 2006).

- The Lowey firm represented Karpus Investment Management in its successful proxy contest and subsequent litigation to prevent the transfer of management by Citigroup to Legg Mason of the Salomon Brothers Municipal Partners Fund. We defeated the Fund's preliminary injunction action which sought to compel Karpus to vote shares it had solicited by proxy but withheld from voting in order to defeat a quorum and prevent approval of the transfer. <u>Salomon Brothers Mun. Partners Fund, Inc. v. Thornton</u>, 410 F. Supp. 2d 330 (S.D.N.Y. 2006).

- The Lowey firm acted as co-lead counsel for a class of seatholders seeking to enjoin the merger between the New York Stock Exchange and Archipelago Holdings, Inc. As a result of the action, the merger terms were revised, providing the seatholders with more than $250 million in additional consideration. In addition, the NYSE agreed to retain an independent financial adviser to report to the Court as to the fairness of the deal to the NYSE seatholders. Plaintiffs also provided the Court with their expert's analysis of the new independent financial adviser's report. Both reports were provided to the seatholders prior to the merger vote. The Court noted that "these competing presentations provide a fair and balanced view of the proposed merger and present the NYSE Seatholders with an opportunity to exercise their own business judgment with eyes wide open. The presentation of such differing viewpoints ensures transparency and complete disclosure." <u>In re New York Stock Exchange/Archipelago Merger Litigation</u>, (N.Y. Sup. Ct. December 5, 2005).

- On July 8, 2005, the United States District Court for the Southern District of Florida approved a $28,700,000 settlement of a class action on behalf of consumers and third party payers against Abbott Laboratories and Geneva Pharmaceuticals, charging that they monopolized and unreasonably restrained trade in the market for the prescription drug Hytrin and its generic equivalents. The Lowey firm was lead counsel for the class in this six-year

litigation. The Court had previously certified a 17-state class of indirect purchasers consisting of consumers and third party payers in In re Terazosin Hydrochloride Antitrust Litig., 2004 U.S. Dist. LEXIS 6176 (S.D. Fla. April 8, 2004). The Court complimented our performance and experience in this hard-fought case.

- The Lowey firm represented Glickenhaus & Co., a major registered investment advisor and, at the time, the second largest stockholder of Chrysler, in a non-class securities lawsuit against DaimlerChrysler AG. Successful implementation of the firm's opt-out strategy led to a recovery for its clients far in excess of that received by other class members. See In re DaimlerChrysler AG Sec. Litig., 197 F. Supp. 2d 42 (D. Del. 2002); In re DaimlerChrysler AG Sec. Litig., Civ. Action Nos. 00-993/00-984/01-004JJF Cons. Action, 2003 U.S. Dist. LEXIS 10964, Fed. Sec. L. Rep. (CCH) ¶92,244 (D. Del. June 25, 2003).

- Following a three day bench trial in a statutory appraisal proceeding, the Delaware Chancery Court awarded our clients, an institutional investor and investment advisor, $30.43 per share plus compounded prejudgment interest, for a transaction in which the public shareholders who did not seek appraisal were cashed out at $28 per share. Doft & Co. v. Travelocity.com, Inc., No. Civ. A. 19734, 2004 WL 1152338 (May 20, 2004), modified, 2004 WL 1366994 (Del. Ch. June 10, 2004).

- The United States District Court for the Eastern District of Michigan approved an $80,000,000 settlement of a class action on behalf of consumers and third party payers against Aventis S.A. and Andrx Corp., charging that they monopolized and unreasonably restrained trade in the United States market for Cardizem CD and its generic bioequivalents. In re Cardizem CD Antitrust Litigation, 218 F.R.D. 508 (E.D. Mich. 2003) appeal dismissed, 391 F.3d 812 (6th Cir. 2004), cert. denied, 125 S. Ct. 2297 (2005). Previously, the United States Court of Appeals for the Sixth Circuit unanimously affirmed a landmark summary judgment of per se liability against defendants. In re Cardizem CD Antitrust Litig., 332 F.3d 896 (6th Cir. 2003), affirming, 105 F. Supp. 2d 682 (E.D. Mich. 2000). The Lowey firm was lead counsel for the class and argued both successful appeals.

- In an action in which the Lowey firm acted on behalf of an institutional investor as Co-Lead Counsel, the Delaware Supreme Court enjoined a proposed merger between NCS Healthcare, Inc. and Genesis Health Ventures, Inc., accepting our argument that the NCS board had breached its fiduciary obligations by agreeing to irrevocable merger lock-up provisions. As a result of the injunction, the NCS shareholders were able to obtain the benefit of a competing takeover proposal by Omnicare, Inc. of 300% more than that offered in the enjoined transaction, providing NCS's shareholders with an additional $99 million. Omnicare, Inc. v. NCS Healthcare, Inc., 818 A.2d 914 (Del. 2003).

- The Supreme Court of the State of New York, County of New York, approved a $22.8 million settlement on behalf of a class of current and former holders of credit cards issued by MBNA bank who took cash advances in response to an MBNA promotion. The Court noted that the Lowey firm is an "able law firm having long-standing experience in commercial class action litigation." Broder v. MBNA Corp., No. 605153/98 (Sup. Ct., N.Y. County, April 11, 2003).

- The United States District Court for the District of Delaware approved, and the Third Circuit Court of Appeals affirmed, a $44.5 million class action settlement paid by DuPont Pharmaceuticals to consumers and third party payers nationwide to settle claims of unfair marketing practices in connection with the prescription blood thinner Coumadin. The Lowey firm, which had been appointed by the District Court to the plaintiffs' executive committee as the representative of third party payers, argued the successful appeal. In re Warfarin Sodium Antitrust Litigation, 391 F.3d 516 (3rd Cir. 2004).

- The Lowey firm successfully represented an affiliate of Millennium Partners, a major private investment fund, in litigation in the Delaware Chancery Court that resulted in the voiding of two elections of directors of meVC Draper Fisher Jurvetson Fund 1, Inc., a NYSE-listed closed end mutual fund, on grounds of breach of fiduciary duty, and in a subsequent proxy contest litigation in the United States District Court for the Southern District of New York, that resulted in the replacement of the entire board of directors with Millennium's slate. meVC Draper Fisher Jurvetson Fund 1, Inc. v. Millennium Partners, 260 F. Supp. 2d 616 (S.D.N.Y. 2003); Millenco L.P. v. meVC Draper Fisher Jurvetson Fund 1, Inc., 824 A.2d 11 (Del. Ch. 2002).

- In a case in which the Lowey firm acted as Lead Counsel, the Firm obtained a $27.25 million settlement on behalf of our client the Federated Kaufmann Fund and a class of purchasers of securities of CINAR Corporation. The court found that "the quality of [the Lowey firm's] representation has been excellent." In re CINAR Securities Litigation, Master File No. 00 CV 1086 (E.D.N.Y., Dec. 2, 2002).

- In proceedings in which the Lowey firm acted as co-counsel to a Bankruptcy Court-appointed Estate Representative, the firm obtained recoveries in a fraudulent conveyance action totaling $106 million. In re Reliance Securities Litigation, MDL 1304 (D. Del. 2002).

The Lowey firm represents numerous institutional investors. After a highly competitive selection process, we were selected by the New York State Common Retirement Fund (the "CRF"), the third largest public pension fund in the United States,

with assets exceeding $140 billion, to serve as one of its designated securities litigation counsel. We currently represent the CRF as Lead Counsel in a securities class action in which the CRF is serving as the court appointed Lead Plaintiff. In re Bayer AG Securities Litigation, 03 Civ. 1546 (WHP) (S.D.N.Y.).

Similarly, the Lowey firm was selected to serve as one of the securities litigation counsel to represent the New York City Pension Funds (the "NYC Funds") having combined assets of more than $110 billion. We currently represent the NYC Funds as Lead Counsel in a securities class action in which the NYC Funds are serving as the court appointed Lead Plaintiffs. In re Juniper Networks, Inc. Sec. Litig., No. C-06-05303 JW (N.D. Cal). In addition, as noted above, we represented the NYC Funds in the WorldCom litigation. Because of the firm's expertise, the firm was also appointed by the Court to serve as Liaison Counsel for the non-class lawsuits arising out of the WorldCom fraud; in that capacity, the firm was responsible for coordinating discovery in more than 80 actions related to the largest financial fraud in United States history.[1] See In re WorldCom Securities Litigation, Master File No. 02 Civ. 3288 (DLC), 2003 U.S. Dist. LEXIS 8979 (S.D.N.Y. May 28, 2003). The Lowey firm was also recently appointed Lead Counsel in In re Luminent Mortgage Capital Inc. Securities Litigation, No. C07-4073-PJH (N.D. Cal.).

**The Lowey Firm's Recognized Expertise**

The attorneys of the Lowey firm have been repeatedly recognized by the courts as expert practitioners in the field of complex litigation. For example, in the WorldCom Securities Litigation, the Court repeatedly praised the contributions and efforts of the firm's

---

[1] Prior to the WorldCom matter, the Lowey firm was retained to represent the NYC Funds in securities litigations involving Enron and McKesson HBOC, Inc.

principal Neil L. Selinger: "I want to thank Mr. Selinger again publicly. I have done it many a time during the course of this litigation. He has performed a marvelous service." In re WorldCom, Inc. Securities Litigation, 02 Civ. 3288 (DLC), hearing transcript of November 5, 2004 at 76. Similarly, on November 10, 2004, the Court found that "the Lowey Firm, and in particular Neil Selinger of that firm, has worked tirelessly to promote harmony and efficiency in this sprawling litigation. . . . [the Lowey firm] has done a superb job in its role as Liaison Counsel, conducting itself with professionalism and efficiency. . . ." In re WorldCom, Inc. Securities Litigation, 2004 WL 2549682 (S.D.N.Y. Nov. 10, 2004).

Similarly, in the Oracle Securities Litigation, Judge Vaughn Walker repeatedly praised the performance of the firm. See In re Oracle Securities Litigation, 852 F. Supp. 1437, 1454, 1459 (N.D. Cal. 1994) ["The Lowey firm's high caliber representation of the class against the Oracle defendants served as tangible evidence of its ability to represent the class against Andersen.... Class counsel's able, persistent and patient performance in achieving the present recovery has not gone unnoticed"]. See also related opinions 829 F. Supp. 1176 (N.D. Cal. 1993); and 136 F.R.D. 639, 649 n.23 (N.D. Cal. 1991) ["The Lowey firm's papers have been thoughtful and to the point...."].

The Court in Winston v. Mezzanine Investments, L.P., Index No. 28657/91 (Sup. Ct. N.Y. Co. Dec. 22, 1997), following victory at trial and an $8,000,000 recovery for a class of investors, expressed the view that the attorneys of the Lowey firm "are highly experienced specialists" whose work is "of very high quality." The Court in In re Seagate Technology, Inc. Shareholders Litigation, CA No. 17932 (Del. Ch. Apr. 9, 2001), in approving a $200 million settlement in an action in which the Lowey firm served as co-lead counsel, stated that the attorneys of the Lowey firm "did highly skilled work against highly skilled opposition. I read the opening brief carefully ... it was very well done and a piece

of work ... there was some high-wall lawyering done here." <u>Snyder v. Nationwide Insurance Company</u>, Index No. 97/0633 (Sup. Ct. Onondaga Co. December 17, 1998) (finding that the attorneys of the Lowey firm are "great attorneys" who did a "very, very good job" for the class, and that the Lowey firm makes "attorneys look good"); <u>In re MobileMedia Securities Litigation</u>, Civil No. 96-5723 (D.N.J. February 7, 2000) (describing the firm as "expeditious," "efficient," and "professional").

**Other Recoveries For Our Clients**

Other examples of the firm's successful efforts include:

- A recovery by settlement of approximately $100 million in policy refunds or adjustments, discounted premiums, and discounted products for a national class of purchasers of life insurance policies issued by Nationwide Mutual Insurance. <u>Snyder v. Nationwide Insurance Company</u>, Index No. 97/0633 (Sup. Ct. Onondaga Co. 1998). Firm acted as co-lead counsel.

- A recovery by settlement of approximately $110,000,000 for a class of purchasers of various taxable municipal bonds. <u>In re Taxable Municipal Bond Securities Litigation</u>, Master File No. MDL 863 (E.D. La. 1995). Firm acted as member of the executive committee of plaintiffs' counsel.

- The recovery by settlement of approximately $618,000,000 for the public shareholders of Standard Oil Company in connection with the acquisition by its controlling stockholder, British Petroleum Acquisition p.l.c. <u>In re The Standard Oil Company/British Petroleum Litigation</u>, Consolidated Case No. 126760 (Court of Common Pleas, Cuyahoga County, Ohio 1987). Firm acted as co-lead counsel.

- A recovery by settlement of more than $180,000,000 for public shareholders of Shell Oil Company after a successful motion for a preliminary injunction against a tender offer by the Royal Dutch/Shell group of companies, the majority shareholder. See <u>Joseph v. Shell Oil Co.</u>, 501 A.2d 409 (Del. Sup. 1985). Firm acted as co-lead counsel.

- A recovery by settlement of approximately $75,000,000 for former public shareholders of Triangle Industries, Inc. See <u>In re Triangle Industries, Inc. Shareholders Litigation</u>, Delaware Chancery Court, Consolidated Action No. 10466. Firm acted as co-lead counsel.

- A recovery by settlement of $72,500,000 for sellers of the stock of RJR Nabisco, Inc. In re RJR Nabisco, Inc. Securities Litigation, M.D.L. Docket No. 818 (MBM) (S.D.N.Y. 1992). Firm acted as sole lead counsel.

- A recovery by settlement of more than $44 million in policy refunds or adjustments or additional paid-up life insurance policies for a national class of purchasers of life insurance policies issued by the Country Life Insurance Company. Duckworth v. Country Life Insurance Company, 98 CH 01046 (Cir. Ct., Cook Co., Ill. 2000).

- A recovery by settlement of approximately $35,500,000 for public bondholders of Burlington Northern Railroad Co. Rievman v. Burlington Northern Railroad Co., 118 F.R.D. 29 (S.D.N.Y. 1987). During the course of the action, the firm obtained a preliminary injunction against a tender offer and defeasance plan by Burlington Northern Railroad Co. relating to certain railroad bonds. 618 F. Supp. 592 and 644 F. Supp. 168 (S.D.N.Y.). Firm was sole lead counsel.

- Recoveries by settlement exceeding $30,000,000 for classes of third-party payers and patients for alleged overcharges for clinical laboratory testing. In re SmithKline Beecham Clinical Laboratories, Inc. Laboratory Test Billing Practices Litigation, 3: 97-CV-1795 (AVC) (D. Ct. 2001); May v. SmithKline Beecham Clinical Laboratories, Inc., C.A. No. 97-L-1230 (Cir. Ct., Madison Co., Ill. 2001). Firm acted as co-lead counsel.

- A recovery by settlement exceeding $27,000,000 for a class of purchasers of securities of MobileMedia, Inc. In re MobileMedia Securities Litigation, Civil No. 96-5723 (D.N.J. 2000). Firm acted as co-lead counsel.

- A recovery by settlement of $25,300,000 for a class of third-party payers settling claims for overcharges for the generic versions of the prescription drugs lorazepam and clorazepate. In re Lorazepam and Clorazepate Antitrust Litigation, MDL No. 99-1290 (TFH) (D.D.C. 2002). Firm acted as lead counsel.

- A recovery by settlement of $25,000,000 for a class of purchasers of securities of Oracle Systems Corporation. In re Oracle Securities Litigation, Master File C-90-0931 (VRW) (N.D. Cal. 1994). Firm acted as sole lead counsel.

- A recovery by settlement of $25,000,000 for a class of sellers of shares of Columbia Pictures Entertainment, Inc. The firm acted as sole lead counsel in the case, which was prosecuted for more than five years and involved, among many other hurdles, a motion to dismiss (In re Columbia Securities Litigation, 747 F. Supp. 237 (S.D.N.Y. 1990)), a motion for summary judgment (155 F.R.D. 466 (S.D.N.Y. 1994)) and considerable discovery in and from Japan.

- A recovery by settlement of $24,000,000 for a class of purchasers of securities of Arakis Energy Corporation. In re Arakis Energy Corp. Securities Litigation, Fed. Sec. L. Rep. (CCH) ¶91,646 (E.D.N.Y. August 17, 2001). Firm acted as co-lead counsel.

- A recovery by settlement of $21,100,000 for holders of rights to purchase the common stock of Crown Zellerbach Corporation, in connection with the acquisition of Crown Zellerbach assets. In re Crown Zellerbach Corporation Rights Plan, No. 85-C-3286 (N.D. Ill. 1986). Firm acted as co-lead counsel.

- A recovery by settlement of more than $20,000,000 for a class of purchasers of securities of Pepsi Cola Puerto Rico Bottling Co. Turabo Medical Center v. Beach, No. 96-2250 (DRD) (D. P.R. 1997). Firm acted as co-lead counsel.

- A recovery by settlement of $19,500,000 for a class of purchasers of securities of Raychem Corporation. Cytryn v. Cook, 89-20801-RFP (N.D. Cal. 1992). Firm acted as co-lead counsel.

- A recovery by settlement of $19,000,000 for a class of purchasers of shares of General Electric Company. The Lowey firm acted as sole lead counsel in the case, which was prosecuted for more than six years and involved, among many obstacles to recovery, motions to dismiss (In re Kidder Peabody Securities Litigation, Fed. Sec. L. Rep. (CCH) ¶99,030 (S.D.N.Y. 1995)), motions for summary judgment (10 F. Supp. 2d 398 (S.D.N.Y. 1998)), and a leading decision compelling production by defendants' counsel of witness interview notes (168 F.R.D. 459 (S.D.N.Y. 1996)).

- A recovery by settlement of $17,600,000 for former preferred shareholders of Genesco Inc. after successful trial and appeal. See Denco v. Genesco, 427 N.Y.S.2d 434 (1st Dep't 1980). Firm was sole lead counsel.

- A recovery after trial of approximately $13,000,000 for 115 residents of Mexico and Latin America, whose status as depositors of the insolvent American Bank and Trust Co. had been challenged by the Federal Deposit Insurance Corporation. In the Matter of American Bank & Trust Co., Index No. 18649/76 (Sup. Ct., N.Y. Co. 1979). Firm acted as sole lead counsel.

In other cases, the Lowey firm has achieved substantial relief of a non-monetary nature which ultimately led to important benefits for investors. Examples include:

- In connection with a successful takeover fight involving meVC Draper Fisher Jurvetson Fund I, we successfully persuaded ISS, the largest proxy advisory service company in the United States, and the New York Stock Exchange,

- to revise their previous approvals of meVC's proxy proposal to approve investment advisor contracts which would have been renewable without shareholder approval. That resulted in all NYSE broker-dealers withdrawing their proxies previously given to management, and led to the defeat of the management proposal at the shareholders' meeting.

- Establishing the standing of purchasers of call options to sue under Section 10(b) of the Securities Exchange Act of 1934, Deutschman v. Beneficial Corp., 841 F.2d 502 (3d Cir. 1988), reversing 668 F. Supp. 358 (D. Del. 1987).

- Protecting shareholder voting rights in connection with a merger through an expedited trial. Kansas City Power & Light v. Western Resources, 939 F. Supp. 688 (W.D. Mo. 1996).

- As co-lead class counsel, obtaining a temporary restraining order and then a preliminary injunction barring a restructuring of Macmillan, Inc. Robert M. Bass Group, Inc. v. Evans, 552 A.2d 1227 (Del. Ch. 1988); and later in the litigation, obtained an injunction from the Delaware Supreme Court enjoining a lockup agreement given to a favored bidder. Mills Acquisition Co. v. Macmillan, Inc., 559 A.2d 1261 (Del. 1989).

- Effecting modifications valued at between $16,000,000 to $37,600,000 of compensation and pension benefits granted to the chief executive officer of Citizens Utilities Company. In re Citizens Utilities Company Shareholders Litigation, Civil Action No. 12992 (Del. Ch. 1995). Firm acted as co-lead counsel.

- Obtaining, following the hearing of a motion for a preliminary injunction, the return of more than $10,000,000 withdrawn by insiders from Simplicity Pattern Company. Roth v. Lacey, No. 09391/82 (Sup. Ct. N.Y. Co. 1982).

- Preserving for the Dreyfus Fund its ownership rights in the valuable lion trademark, Korenstein v. Dreyfus Corp., 77 Civ. 2521, 78 Civ. 3794 (S.D.N.Y. 1980), and similarly preserving for the Oppenheimer Fund its ownership rights in the valuable clasped hands trademark, The Leslie Katz Retirement Plan v. Oppenheimer Management Corp., 212 U.S.P.Q. 191 (S.D.N.Y. 1980). Firm was sole lead counsel.