UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS KOESTERER, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>WASHINGTON MUTUAL, INC., KERRY K. KILLINGER, DAVID C. SCHNEIDER, and THOMAS W. CASEY,<br><br>      Defendants. | Electronically Filed<br><br>Civil Action No. 1:07-CV-09801-CM<br><br>(ECF Case) |

[Captions continued on the following page]

# MEMORANDUM OF LAW IN SUPPORT OF THE WAMU INSTITUTIONAL INVESTOR GROUP'S MOTION TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

GRANT & EISENHOFER P.A.
Jay W. Eisenhofer (JE-5503)
485 Lexington Avenue
29th Floor
New York, New York  10017
Tel: (646) 722-8500
Fax: (646) 722-8501

 and

GRANT & EISENHOFER P.A.
Geoffrey C. Jarvis (GJ-7040)
1201 N. Market Street, Suite 2100
Wilmington, Delaware 19801
Tel: (302) 622-7000
Fax: (302) 622-7100

SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
Sean M. Handler
Darren J. Check
280 King of Prussia Road
Radnor, PA 19087
Telephone:  (610) 667-7706
Facsimile:   (610) 667-7056

*Counsel for the WaMu Institutional Investor Group and Proposed Lead Counsel for the Class*

| | |
|---|---|
| JOEL ABRAMS and BRIAN ROFFE, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   vs.<br><br>WASHINGTON MUTUAL, INC., KERRY K. KILLINGER, STEPHEN J. ROTELLA, and THOMAS W. CASEY,<br><br>      Defendants. | Civil Action No. 1:07-CV-09806-AKH |
| ROBERT L. GARBER, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   vs.<br><br>WASHINGTON MUTUAL, INC., KERRY K. KILLINGER, STEPHEN J. ROTELLA, and THOMAS W. CASEY,<br><br>      Defendants. | Civil Action No. 1:07-CV-11422-UA |

# TABLE OF CONTENTS

**PAGE(S)**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .............................................................................................1

PROCEDURAL BACKGROUND..........................................................................................3

ARGUMENT............................................................................................................................3

I. Consolidation Of The Related Actions Is Appropriate.........................................4

II. The PSLRA Favors Institutional Investors Who
   Have A Large Financial Interest In The Lawsuit..................................................4

   A. The WaMu Institutional Investor Group Has The Largest Financial
      Interest Of The Plaintiffs Who Have Come Forward In This Class
      Action, And Is Comprised Of The Type Of Institutional Investors
      Favored By The PSLRA ..........................................................................6

   B. The WaMu Institutional Investor Group Satisfies The
      Requirements Of Rule 23.........................................................................7

      i. The WaMu Institutional Investor Group's Claims Are Typical Of
         The Class's Claims ...........................................................................8

      ii. The WaMu Institutional Investor Group Will Adequately
          Represent The Interests Of The Class............................................9

   C. The WaMu Institutional Investor Group Is The Protypical Lead
      Plaintiff Envisioned By The PSLRA ....................................................11

III. The Court Should Approve The WaMu Institutional Investor Group's
     Choice Of Counsel................................................................................................12

CONCLUSION......................................................................................................................13

```
```

**TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*,
   No. MDL 1500, 2003 WL 102806 (S.D.N.Y. Jan. 10, 2003)..................................................6

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ...............................................................................................12

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)..................................................................................................11

*Cromer Fin. Ltd. v. Berger*,
   205 F.R.D. 113 (S.D.N.Y. 2001) ...........................................................................................9

*Gesenhues v. Checchi*,
   No. 05-CIV-10653 (RJH), 2006 WL 1169673 (S.D.N.Y. May 3, 2006) ................................3

*Glauser v. EVCI Career Colleges Holding Corp.*,
   236 F.R.D. 184, (S.D.N.Y. 2006) ..................................................................................4, 5, 7

*Hicks v. Morgan Stanley & Co.*,
   No. 01-CIV-10071 (HB), 2003 WL 21672085 (S.D.N.Y. July 16, 2003) ..............................8

*In re Initial Pub. Offering Sec. Litig.*,
   214 F.R.D. 117 (S.D.N.Y. 2002) ...........................................................................................7

*In re Nice Sys. Sec. Litig.*,
   188 F.R.D. 206 (D.N.J. 1999)................................................................................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................................8

*In re Party City Sec. Litig.*,
   189 F.R.D. 91 (D.N.J. 1999)...............................................................................................5, 7

*Rozenboom v. Van Der Moolen Holding, N.V.*,
   No. 03 Civ. 8284 (RWS), 2004 U.S. Dist. LEXIS 6382 (S.D.N.Y. Apr. 14, 2004) ............6, 7

*Skwortz v. Crayfish Co., Ltd.*,
   No. 00-Civ.-6766 (DAB), 2001 WL 1160745 (S.D.N.Y. Sept. 28, 2001) ...........................6, 9

*Sofran v. LaBranche & Co., Inc.*,
   220 F.R.D. 398 (S.D.N.Y. 2004) ..................................................................................4, 6, 12

*In re Universal Access Inc. Sec. Litig.*,
  209 F.R.D. 379 (E.D. Tex. 2002)...........................................................................................8

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
  216 F.R.D. 248 (S.D.N.Y. 2003) ...........................................................................................7

*Zemel Family Trust v. Philips Int'l Realty Corp.*,
  205 F.R.D. 434 (S.D.N.Y. 2002) ...........................................................................................5

**FEDERAL STATUTES AND RULES**

15 U.S.C. § 78u-4(a)(3) ............................................................................................... *passim*

FED. R. CIV. P. 23 ......................................................................................................... *passim*

FED. R. CIV. P. 42 ...................................................................................................................4

**OTHER AUTHORITIES**

1 H. Newberg, *Newberg on Class Actions* § 3.13 (3d ed. 1992) .........................................8

## PRELIMINARY STATEMENT

The City of Philadelphia Board of Pensions and Retirement ("City of Philadelphia"), Alamada County Employees' Retirement Association ("ACERA"), Helaba Invest Kapitalanlagegesellschaft mbH ("Helaba"), and Metzler Asset Management GmbH ("Metzler") (collectively, the "WaMu Institutional Investor Group"), hereby move to consolidate various related securities fraud class actions[1] filed against Washington Mutual, Inc. (referred to hereinafter as "WaMu" or the "Company"), and other defendants, and to be appointed as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B)(1998), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  The WaMu Institutional Investor Group further moves for approval of its selection of the law firms of Grant & Eisenhofer P.A. and Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel.

The relief sought by the WaMu Institutional Investor Group is precisely what the framers of the PSLRA hoped to accomplish by enacting the PSLRA's lead plaintiff provision – to have complex class actions arising under the federal securities laws controlled by large institutional investors.  As Congress noted in the Statement of Managers, the PSLRA was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because, among other reasons, institutional investors and other class members with large amounts at stake "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."  Conference Report on Securities Litigation Reform, H.R. REP. NO. 104-369,

---

[1] The related securities fraud class actions include the following: *Koesterer v. Washington Mutual, Inc.*, No. 07-cv-9801 (CM) (S.D.N.Y. Nov. 5, 2007); *Abrams, et al. v. Washington Mutual, Inc., et al.*, 07 Civ. 9806 (S.D.N.Y Nov. 5, 2007); *Garber v. Washington Mutual, Inc.*, No. 07-cv-11422 (S.D.N.Y); *Nelson v. John F. Woods, et al.*, No. Cv-07-1809 (W.D. Wash. Nov. 7, 2007).  The related actions use differing class periods.  For purposes of this motion, we have used the class period alleged in the *Garber* action, which is the longest, most inclusive of the alleged class periods.  In addition, on November 28, 2007, defendants filed a motion with the Judicial Panel on MultiDistrict Litigation to transfer to the Western District of Washington and coordinate or consolidate for pretrial purposes all securities, ERISA and derivate cases filed against WuMu.  The hearing for this motion is scheduled for January 30, 2008.

at 34 (1995); *reprinted in* 1996 U.S.S.C.A.N. 730; REP. NO. 104-98 (1995), *reprinted in* 1996 U.S.S.C.A.N. 679.  The WaMu Institutional Investor Group, with billions of dollars of combined assets, is comprised of exactly the type of large institutional investors envisioned by Congress as the most adequate lead plaintiffs in securities class action suits.

During the class period April 18, 2006 and December 10, 2007 ("Class Period"), the WaMu Institutional Investor Group has losses totaling approximately $14,246,403 million using the Last-In, First-Out ("LIFO") methodology and $14,793,906 using a First-In, First Out ("FIFO") methodology as a result of their investments in WaMu securities.[2]  The members of the WaMu Institutional Investor Group have submitted sworn certifications demonstrating their desire to serve as lead plaintiff in this action and their understanding of the attendant duties and obligations of serving as such.[3]

The WaMu Institutional Investor Group believes that its losses represent the largest known financial interest of any class member seeking appointment as lead plaintiff in this action.  The WaMu Institutional Investor Group is not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that sustained greater financial losses due to defendants' fraud.  In addition, the WaMu Institutional Investor Group satisfies each of the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and therefore, is qualified for appointment as lead plaintiff in this action.  Thus, pursuant to the PSLRA's lead plaintiff provision, the WaMu Institutional Investor Group

---

[2]  The WaMu Institutional Investor Group used a 90-Day Lookback Price of $14.4541 in calculating losses.  The losses suffered by the Group are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.  The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

[3]  Sworn certifications for the members of the WaMu Institutional Investor Group documenting their transactions pursuant to the federal securities laws are attached as Exhibit A to the Declaration of Geoffrey C. Jarvis In Support of Motion To Appoint The WaMu Institutional Investor Group as Lead Plaintiff and To Approve Lead Plaintiff's Selection of Lead Counsel (the "Jarvis Decl.")

is presumptively the most adequate plaintiff and should be appointed Lead Plaintiff for the class. Additionally, the Court should approve the WaMu Institutional Investor Group's selection of Grant & Eisenhofer P.A. and Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel.

## PROCEDURAL BACKGROUND

The first filed lawsuit against defendants, *Koesterer v. Washington Mutual, Inc.* No. 07-cv-09801, was filed in the Southern District of New York on or about November 5, 2007. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on November 5, 2007, plaintiff in the *Koesterer* action published notice over a widely circulated national business-oriented wire service that a class action lawsuit had been initiated against defendants advising members of the proposed class of their right to move the Court to serve as Lead Plaintiff no later than January 4, 2008. *See* Jarvis Decl. at Exhibit B. The members of the WaMu Institutional Investor Group are class members (*see* Jarvis Decl. at Exhibit A) and are timely filing this motion within the 60-day period following publication of the November 5, 2007 notice pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i) and Section 21D of the Exchange Act.

## ARGUMENT

In determining which movants to appoint as lead plaintiff, the Court must consider two factors: (1) which movant has the largest financial interest in the litigation; and (2) does that movant meet the typicality and adequacy requirements of Rule 23. *See Gesenhues v. Checchi,* No. 05-CIV-10653 (RJH), 2006 WL 1169673, at *2 (S.D.N.Y. May 3, 2006) ("The PSLRA . . . provides that the most adequate plaintiff has (1) 'the largest financial interest' in the relief sought by the class and (2) satisfies the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure"). Here, the WaMu Institutional Investor Group is comprised of exactly the type of large institutional investors envisioned by Congress as the most adequate lead plaintiffs in a securities class action lawsuit. Further, the WaMu Institutional Investor Group has timely filed

3

this motion in accordance with the statutory requirements and has the resources, expertise and the willingness to be fully involved in this litigation and to obtain the maximum possible compensation for class members. Accordingly, the WaMu Institutional Investor Group should be appointed as Lead Plaintiff and its selection of Lead Counsel should be approved.

I.   <u>CONSOLIDATION OF THE RELATED ACTIONS IS APPROPRIATE</u>

FED. R. CIV. P. 42(a) permits courts to consolidate actions involving "common questions of law or fact." "While district courts have 'broad discretion' in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and reports.'" *Glauser v. EVCI Career Colleges Holding Corp.,* 236 F.R.D. 184, 186 (S.D.N.Y. 2006) (citations omitted). Here, the Related Actions are ideally suited for consolidation. The Related Actions assert claims on behalf of plaintiffs that transacted in WaMu shares during the Class Period based on the integrity of the defendants' representations to the market. Moreover, the Related Actions involve common legal issues. Accordingly, the Related Actions should be consolidated under Rule 42(a). *See Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004) (Sweet, J.) (consolidating multiple class actions in securities fraud case).

II.   **THE PSLRA FAVORS INSTITUTIONAL INVESTORS WHO HAVE A <u>LARGE FINANCIAL INTEREST IN THE LAWSUIT</u>**

The process for appointing a lead plaintiff under the PSLRA is straightforward. Under the PSLRA, any member of the purported class may move for appointment as lead plaintiff within 60 days of the publication of the notice announcing the filing of the action. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); Jarvis Decl. at Ex. B (notice of first filed complaint). Subsequently, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members

4

. . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i).  Consistent with its legislative history, the PSLRA provides that the court shall make a significant presumption when determining the "most capable" plaintiff:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person **or group of persons** that –
>
> (aa)  has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added).  This presumption may be overcome only by proof that the presumed lead plaintiff(s) will not fairly and adequately represent the class or is subject to unique defenses.  *Id.*  Courts construing this provision have noted Congress' preference for institutional investors.  *See, e.g.*, *Glauser*, 236 F.R.D. at 188 (noting PSLRA was passed to increase likelihood institutional investors will serve as lead plaintiff and finding presumption that institutional investor is most adequate plaintiff was not rebutted by other movants); *Zemel Family Trust v. Philips Int'l Realty Corp.*, 205 F.R.D. 434, 437 (S.D.N.Y. 2002) (discussing Congressional intent while denying lead plaintiff status to non-institutional investor plaintiff); *In re Olsten Corp. Sec. Litig.*, 181 F.R.D. 218, 220-21 (E.D.N.Y. 1998) ("By establishing the presumptive criterion that the most adequate plaintiff is the one who 'has the largest financial interest in the relief sought by the class,' PSLRA § 21D(a)(3)(B)(iii)(bb), Congress intended 'to increase the likelihood that institutional investors will serve as lead plaintiffs. . . .'").

The PSLRA's lead plaintiff provision also serves to "ensure[] that institutional plaintiffs with expertise in the securities market and real financial interests in the integrity of the market

5

would control the litigation, not lawyers." *In re Party City Sec. Litig.*, 189 F.R.D. 91, 104 (D.N.J. 1999) (citation omitted); *Skwortz v. Crayfish Co., Ltd.*, No. 00-Civ.-6766 (DAB), 2001 WL 1160745, at *2 (S.D.N.Y. Sept. 28, 2001) ("Congress believed that [the purpose behind the PSLRA] could best be achieved by encouraging institutional investors to serve as lead plaintiffs."). As set forth below, the WaMu Institutional Investor Group is comprised of exactly the type of large institutional investors envisioned by Congress in enacting the PSLRA, as its members satisfy all of the criteria contemplated by the PSLRA for determining the most adequate lead plaintiff(s). As such, the WaMu Institutional Investor Group should be appointed as Lead Plaintiff in this action.

      **A.    The WaMu Institutional Investor Group Has The Largest Financial Interest Of The Plaintiffs Who Have Come Forward In This Class Action, And Is Comprised Of The Type Of Institutional Investors Favored By The PSLRA**

The WaMu Institutional Investor Group believes it has a greater financial interest in this action than any other class member who has come forward by virtue of their aggregate approximate damages of over $14.2 million using LIFO and $14.8 million using FIFO. *See* Jarvis Decl. at Exhibit C. *See also In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. MDL 1500, 2003 WL 102806, at *2 (S.D.N.Y. Jan. 10, 2003) (appointing as lead plaintiff the institutional investor with the "largest financial stake in the litigation."); *Sofran*, 220 F.R.D. at 400, 402 (appointing group of five unrelated plaintiffs as lead plaintiff under PSLRA); *Rozenboom v. Van Der Moolen Holding, N.V.*, No. 03 Civ. 8284 (RWS), 2004 U.S. Dist. LEXIS 6382, at *16 (S.D.N.Y. Apr. 14, 2004) (Sweet, J.) (appointing two unrelated plaintiffs as lead plaintiff under PSLRA).

Although the PSLRA does not mandate a particular method for calculating financial interest, "courts in this Circuit have traditionally examined the following four factors in calculating that interest: (1) the number of shares purchased during the class period; (2) the

6

number of net shares purchased during the class period (defined as the number of shares retained at the end of the class period); (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period." *Glauser*, 236 F.R.D. at 187 (citing *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002)). Here, the WaMu Institutional Investor Group purchased 1.22 million shares of WaMu common stock during the Class Period. *See* Jarvis Decl. at Ex. A. The approximate total loss suffered by the WaMu Institutional Investor Group is $14.2 million using LIFO and $14.8 million using FIFO. Based on a review of the pending complaints and other documents filed in the Related Actions, the WaMu Institutional Investor Group does not believe any other movant has a larger financial interest in this litigation.

      **B.**    **The WaMu Institutional Investor Group Satisfies The Requirements Of Rule 23**

Section 21D(a)(3)(B)(iii)(cc) of the PSLRA further provides that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc). Rule 23(a) provides that a party may serve as a class representative so long as the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"Of the four prerequisites to class certification [under Rule 23(a)], only two – typicality and adequacy – directly address the personal characteristics" of the lead plaintiff under the PSLRA which must be satisfied. *See Rozenboom*, 2004 U.S. Dist. LEXIS, at *17. On a motion for lead plaintiff, therefore, "the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *See Weinberg v. Atlas Air*

*Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *see also id.* (citing *In re Party City*, 189 F.R.D. at 106) ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'"); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.") (citations omitted). The remaining requirements of Rule 23 relate to the adequacy of the claims themselves and should not enter into the Court's analysis in its determination of who should serve as lead plaintiff. Rather, the Court should defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Universal Access Inc. Sec. Litig.*, 209 F.R.D. 379, 385 (E.D. Tex. 2002) (stating that the Court should defer examination of the remaining requirements until the lead plaintiff moves for class certification). The WaMu Institutional Investor Group meets both applicable requirements.

    i. **The WaMu Institutional Investor Group's Claims Are Typical Of The Class's Claims**

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the claims of the class when the proposed lead plaintiff's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health Plans*, 182 F.R.D. at 50 (citations omitted); *Hicks v. Morgan Stanley & Co.*, No. 01-CIV-10071 (HB), 2003 WL 21672085, at *2 (S.D.N.Y. July 16, 2003) ("The typicality requirement is met when the class representative's claim 'arises from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory.'") (citations omitted); *see also* 1 H. Newberg, *Newberg on Class Actions* § 3.13 (3d ed. 1992) ("When it is alleged that the same unlawful conduct was directed at or affected both

8

the named plaintiff and the class sought to be represented, the typicality requirement is usually met regardless of minor variations in fact patterns underlying individual claims."). The Rule 23(a)(3) typicality requirement "is to ensure that 'maintenance of a class action is economical and that the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Cromer Fin. Ltd. v. Berger*, 205 F.R.D. 113, 122 (S.D.N.Y. 2001) (quoting *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982)).

Here, the WaMu Institutional Investor Group's claims arise from the same course of conduct from which the claims of all other class members arise. As public stockholders of WaMu, the WaMu Institutional Investor Group, like other members of the class, is an innocent victim of defendants' fraudulent conduct. The WaMu Institutional Investor Group's losses, like the losses suffered by other members of the class, arise from the artificial inflation of WaMu's securities caused by the Company's misrepresentations. The WaMu Institutional Investor Group is not subject to any unique or special defenses. Thus, its claims are in all respects "typical" of the claims of the class.

### ii. The WaMu Institutional Investor Group Will Adequately Represent The Interests Of The Class

Rule 23(a)(4)'s requirement of adequate representation is satisfied: "if (1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy." *Skwortz*, 2001 WL 1160745, at *6 (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998)). Rule 23(a)(4)'s requirement of "[a]dequacy, for purposes of the lead plaintiff determination, is contingent upon both the existence of common interests between the proposed lead plaintiffs and the class, and a

9

willingness on the part of the proposed lead plaintiff to vigorously prosecute the action." *In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 219 (D.N.J. 1999). As detailed above, the members of the WaMu Institutional Investor Group share common questions of law and fact with the members of the Class and their claims are typical of the claims of other class members. Further, the members of the WaMu Institutional Investor Group have already taken significant steps demonstrating that they will protect the interests of the Class: they have executed sworn certifications detailing their Class Period transactions and expressing their willingness to serve as Lead Plaintiff; they have moved this Court to be appointed as Lead Plaintiff in this action; and they have retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. Accordingly, the WaMu Institutional Investor Group easily meets the adequacy requirement.

Furthermore, the WaMu Institutional Investor Group has the largest known financial interest which gives it "an incentive to prosecute the case vigorously." *Ferrari v. Gisch,* 225 F.R.D. 599, 607 (C.D. Cal. 2004). Thus, the WaMu Institutional Investor Group, in addition to having the largest financial interest, also *prima facie* satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, satisfies all elements of the Exchange Act's prerequisites for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Further, the WaMu Institutional Investor Group has the resources and sophistication to fulfill the statutory role of Lead Plaintiffs. The Group members each have substantial and dedicated staff with the legal, financial and organizational expertise to effectively oversee this proceeding and direct the actions of proposed Lead Counsel. The resources and sophistication of the WaMu Institutional Investor Group will serve the Class well, as it will permit the WaMu

Institutional Investor Group to closely monitor the litigation and prosecute the case in the Class's best interest.

Finally, as explained below, the WaMu Institutional Investor Group has chosen Grant & Eisenhofer P.A. and Schiffrin Barroway Topaz & Kessler, LLP to serve as Lead Counsel.

### C. The WaMu Institutional Investor Group Is The Protypical Lead Plaintiff Envisioned By The PSLRA

In addition to satisfying the preliminary requirements of Rule 23, the appointment of the WaMu Institutional Investor Group as lead plaintiff also satisfies a critical legislative goal behind enacting the PSLRA – to encourage sophisticated institutions with large financial interests to serve as lead plaintiff in securities class actions. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the legislative intent behind enacting the PSLRA was to encourage large institutional investors to serve as lead plaintiff). Indeed, the members of the WaMu Institutional Investor Group are large, sophisticated institutional investors that can adequately litigate this action and supervise class counsel. City of Philadelphia, a pension plan managing over $4 billion in assets, represents the active and retired police, fire and municipal workers of Philadelphia, Pennsylvania. In fiscal year 2006, the City of Philadelphia had 29,929 active members comprised of 6,702 police, 2,214 fire and 21,027 municipal workers, and 33,185 retired members, including 8,694 survivors and 4,472 people receiving disability benefits. City of Philadelphia has submitted a certification signed by Donald C. Marino, Chair, Litigation Group for the Law Department of the City of Philadelphia, demonstrating its desire to serve as lead plaintiff. ACERA, which has submitted a certification signed by its General Counsel, Robert L. Gaumer, and its General Manager, Charles Conrad, is a defined benefit plan that represents the active and retired employees of Alameda County. Metzler Investment is a subsidiary of Metzler bank, Germany's oldest private bank. Metzler Investment has been

11

privately owned since 1674 and has approximately $41.5 billion of assets under management. Helaba administers and manages special funds and financial instruments on behalf of institutional investors and is an affiliate of Helaba Landesbank, one of Germany's largest banks. Thus, the members of the WaMu Institutional Investor Group, as sophisticated institutional investors, are clearly a suitable – and indeed preferred – lead plaintiff.

### III. THE COURT SHOULD APPROVE THE WAMU INSTITUTIONAL INVESTOR GROUP'S CHOICE OF COUNSEL

Pursuant to § 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v), of the PSLRA, the WaMu Institutional Investor Group has selected and retained counsel to represent the Class, subject to the Court's approval. This Court should not disturb Lead Plaintiffs' choice of counsel unless it is necessary to protect the interests of the class. *See In re Cavanaugh*, 306 F.3d 726, 734 (9th Cir. 2002) ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs. And, indeed, it did not. While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff"). In that regard, the WaMu Institutional Investor Group has selected and retained the law firms of Grant & Eisenhofer P.A. and Schiffrin Barroway Topaz & Kessler, LLP as proposed Lead Counsel for the class. *See* Jarvis Decl. Exbs. C & D. Grant & Eisenhofer P.A. and Schiffrin Barroway Topaz & Kessler, LLP are among the preeminent securities class action firms in the country and have a history of working effectively together having recently litigated, among other cases, the Tyco International securities class action case for approximately five years and achieved a record-setting settlement that will return more than $3.2 billion to injured investors. *See Sofran*, 220 F.R.D. at 404 (approving choice of experience securities class action

firms as co-lead counsel). Thus, SBTK and Grant & Eisenhofer can efficiently prosecute this case and avoid duplicative effort and should be appointed Lead Counsel.

Accordingly, the Court should approve the WaMu Institutional Investor Group's selection of Grant & Eisenhofer P.A. and Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel.

## CONCLUSION

In light of the foregoing, the WaMu Institutional Investor Group respectfully requests that the Court: (i) consolidate the Related Actions; (ii) appoint the WaMu Institutional Investor Group to serve as Lead Plaintiffs for the Class; and (iii) approve the WaMu Institutional Investor Group's selection of Grant and Eisenhofer P.A. and Schiffrin Barroway Topaz & Kessler, LLP to serve as Lead Counsel for the Class.

Dated: January 4, 2008

                                                  Respectfully submitted,

                                                  /s Geoffrey C. Jarvis
                                                Jay W. Eisenhofer (JW-5503)
                                                GRANT & EISENHOFER P.A.
                                                485 Lexington Avenue, 29th Floor
                                                New York, New York  10017
                                                Tel:  (646) 722-8500
                                                Fax:  (646) 722-8501

                                                - and -
                                                Geoffrey C. Jarvis (GJ-7040)
                                                GRANT & EISENHOFER P.A.
                                                Chase Manhattan Centre
                                                1201 N. Market Street
                                                Wilmington, Delaware 19801
                                                Tel:  (302) 622-7000
                                                Fax:  (302) 622-7100

| | |
|---|---|
| OF COUNSEL: | SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP |
| Alexander Reus | Sean M. Handler |
| Diaz Reus Rolff & Targ LLP | Darren J. Check |
| GLOBAL EXPANSION GROUP | 280 King of Prussia Rd. |
| Bank of America Tower at | Radnor, PA 19087 |
| International Pl. | Telephone: (610) 667-7706 |
| 100 SE Second Street, Suite 2610 | Facsimile: (610) 667-7056 |
| Miami, FL 33131 | |
| Tel: (786) 235-5000 | *Counsel for the WaMu Institutional* |
| Fax: (786) 235-5005 | *Investor Group and Proposed Lead Counsel for the Class* |